IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BROADCAST MUSIC, INC.; CONCORD MUSIC GROUP, INC. d/b/a JONDORA MUSIC; UNIVERSAL – SONGS OF POLYGRAM INTERNATIONAL, INC.; DON KIRSCHNER ENTERTAINMENT COMPANY AND CRUVEN, INC., A JOINT VENTURE d/b/a KIRSCHNER CBS MUSIC PUBLISHING; WARNER-TAMERLANE PUBLISHING CORP.; ELIJAH BLUE MUSIC, A DIVISION OF LIGHTHOUSE, INC.; UNICHAPPELL MUSIC, INC.; WELSH WITCH MUSIC; BMG RIGHTS MANAGEMENT US LLC d/b/a MUSIC OF EVERPOP; SONGS OF UNIVERSAL, INC.; ESCATAWPA SONGS, LLC; BMG RIGHTS MANAGEMENT GMBH d/b/a BMG RIGHTS MANAGEMENT US LLC d/b/a EMI VIRGIN SONGS; FULL VOLUME MUSIC; SCRAP METAL MUSIC; SONY/ATV SONGS LLC; EMI CONSORTIUM SONGS, INC. d/b/a EMI LONGITUDE MUSIC,

          Plaintiffs,

v.

THE PHIL'S TAVERN, INC. d/b/a THE PHIL'S TAVERN; and CHARLES COMPAGNUCCI; and SALVATORE PAONE, each individually,

          Defendants.

CIVIL ACTION NO.

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 14 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Concord Music Group, Inc. is a corporation doing business as Jondora Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Universal – Songs of Polygram International, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiffs Don Kirschner Entertainment Company and Cruven, Inc. are corporations that have entered into a joint venture doing business as Kirschner CBS Music Publishing. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Elijah Blue Music is a division of Lighthouse, Inc., a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Unichappell Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff Welsh Witch Music is a sole proprietorship owned by Stephanie Nicks. This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Plaintiff BMG Rights Management US LLC is a limited liability company doing business as Music of Everpop. This Plaintiff is a copyright owner of at least one of the songs in this matter.

13. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

14. Plaintiff Escatawpa Songs, LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

15. Plaintiff BMG Rights Management GmbH doing business as BMG Rights Management US LLC is a limited liability company doing business as EMI Virgin Songs. This Plaintiff is a copyright owner of at least one of the songs in this matter.

16. Plaintiff Full Volume Music is a sole proprietorship owned by Brian Slagel. This Plaintiff is a copyright owner of at least one of the songs in this matter.

17. Plaintiff Scrap Metal Music is a partnership between John T. Rzeznik, Robert C. Takac Jr. and George R. Tutuska Jr. This Plaintiff is a copyright owner of at least one of the songs in this matter.

18. Plaintiff Sony/ATV Songs LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

19. Plaintiff EMI Consortium Songs, Inc. is a corporation doing business as EMI Longitude Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

20. Defendant The Phil's Tavern, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which operates, maintains and controls an establishment known as The Phil's Tavern, located at 931 Butler Pike, Blue Bell, PA 19422, in this district (the "Establishment").

21. In connection with the operation of the Establishment, Defendant The Phil's Tavern, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

22. Defendant The Phil's Tavern, Inc. has a direct financial interest in the Establishment.

23. Defendant Charles Compagnucci is the President and Treasurer of Defendant The Phil's Tavern, Inc. with responsibility for the operation and management of that corporation and the Establishment.

24. Defendant Charles Compagnucci has the right and ability to supervise the activities of Defendant The Phil's Tavern, Inc. and a direct financial interest in that corporation and the Establishment.

25. Defendant Salvatore Paone is the Secretary of Defendant The Phil's Tavern, Inc. with responsibility for the operation and management of that corporation and the Establishment.

26. Defendant Salvatore Paone has the right and ability to supervise the activities of Defendant The Phil's Tavern, Inc. and a direct financial interest in that corporation and the Establishment.

CLAIMS OF COPYRIGHT INFRINGEMENT

27. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1 through 26.

28. Since July 2016, BMI has reached out to Defendants over eighty (80) times, by phone, in-person visits, mail and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

29. Plaintiffs allege fourteen (14) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

30. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the fourteen (14) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date

on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

31. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

32. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

33. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

34. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

35. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright

infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I)   Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II)   Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III)   Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV)   Plaintiffs have such other and further relief as is just and equitable.

December 13, 2018

_____
Stanley H. Cohen
(I.D. No. 12095)
Caesar Rivise, PC
12th Floor, Seven Penn Center
1635 Market Street
Philadelphia, PA 19103-2212
Telephone: 215-567-2010
Facsimile: 215-751-1142
Email: scohen@crbcp.com

Attorney for Plaintiffs

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Bad Moon Rising |
| Line 3 | Writer(s) | John C. Fogerty |
| Line 4 | Publisher Plaintiff(s) | Concord Music Group, Inc. d/b/a Jondora Music |
| Line 5 | Date(s) of Registration | 4/17/69    7/11/69 |
| Line 6 | Registration No(s). | Eu 110913    Ep 260524 |
| Line 7 | Date(s) of Infringement | 4/21/2018 |
| Line 8 | Place of Infringement | The Phil's Tavern |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Brown Eyed Girl |
| Line 3 | Writer(s) | Van Morrison |
| Line 4 | Publisher Plaintiff(s) | Universal - Songs of Polygram International, Inc. |
| Line 5 | Date(s) of Registration | 5/2/67 |
| Line 6 | Registration No(s). | Eu 993451 |
| Line 7 | Date(s) of Infringement | 4/21/2018 |
| Line 8 | Place of Infringement | The Phil's Tavern |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Dust In The Wind |
| Line 3 | Writer(s) | Kerry Livgren |
| Line 4 | Publisher Plaintiff(s) | Don Kirschner Entertainment Company and Cruven, Inc., a joint venture d/b/a Kirschner CBS Music Publishing |
| Line 5 | Date(s) of Registration | 10/5/77    3/7/78 |
| Line 6 | Registration No(s). | Eu 832910    PA 1-484 |
| Line 7 | Date(s) of Infringement | 4/21/2018 |
| Line 8 | Place of Infringement | The Phil's Tavern |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Long Train Runnin' |
| Line 3 | Writer(s) | Tom Johnston |
| Line 4 | Publisher Plaintiff(s) | Warner-Tamerlane Publishing Corp. |
| Line 5 | Date(s) of Registration | 5/14/73 |
| Line 6 | Registration No(s). | Ep 311574 |
| Line 7 | Date(s) of Infringement | 4/21/2018 |
| Line 8 | Place of Infringement | The Phil's Tavern |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Midnight Rider |
| Line 3 | Writer(s) | Gregory Allman a/k/a Gregory Lenoir Allman |
| Line 4 | Publisher Plaintiff(s) | Elijah Blue Music, a Division of Lighthouse, Inc.; Unichappell Music, Inc. |
| Line 5 | Date(s) of Registration | 11/5/70    6/5/74 |
| Line 6 | Registration No(s). | Eu 215520    Ep 329147 |
| Line 7 | Date(s) of Infringement | 4/21/2018 |
| Line 8 | Place of Infringement | The Phil's Tavern |

| Line 1 | Claim No. | 6 |
|---|---|---|
| Line 2 | Musical Composition | Rhiannon |
| Line 3 | Writer(s) | Stephanie Nicks a/k/a Stevie Nicks |
| Line 4 | Publisher Plaintiff(s) | Stephanie Nicks, an individual d/b/a Welsh Witch Music |
| Line 5 | Date(s) of Registration | 6/30/75   10/25/77 |
| Line 6 | Registration No(s). | Eu 605872   Ep 380036 |
| Line 7 | Date(s) of Infringement | 4/21/2018 |
| Line 8 | Place of Infringement | The Phil's Tavern |

| Line 1 | Claim No. | 7 |
|---|---|---|
| Line 2 | Musical Composition | Semi Charmed Life |
| Line 3 | Writer(s) | Stephan Jenkins; Kevin Cadogan a/k/a Kevin Rene Cadogan; Arion Salazar a/k/a Arion Gabriel Salazar |
| Line 4 | Publisher Plaintiff(s) | BMG Rights Management US LLC d/b/a Music Of Everpop |
| Line 5 | Date(s) of Registration | 8/25/97  12/2/98 |
| Line 6 | Registration No(s). | PA 797-856  PA 913-999 |
| Line 7 | Date(s) of Infringement | 4/21/2018 |
| Line 8 | Place of Infringement | The Phil's Tavern |

| Line 1 | Claim No. | 8 |
|---|---|---|
| Line 2 | Musical Composition | Kryptonite |
| Line 3 | Writer(s) | Bradley Kirk Arnold; Robert Todd Harrell; Matthew Darrick Roberts |
| Line 4 | Publisher Plaintiff(s) | Songs of Universal, Inc.; Escatawpa Songs, LLC |
| Line 5 | Date(s) of Registration | 2/28/00 |
| Line 6 | Registration No(s). | PAu 2-480-972 |
| Line 7 | Date(s) of Infringement | 4/21/2018 |
| Line 8 | Place of Infringement | The Phil's Tavern |

| | | |
|---|---|---|
| Line 1 | Claim No. | 9 |
| Line 2 | Musical Composition | Name |
| Line 3 | Writer(s) | John Rzeznik |
| Line 4 | Publisher Plaintiff(s) | BMG Rights Management GmbH d/b/a BMG Rights Management US LLC d/b/a EMI Virgin Songs;  Brian Slagel, an individual d/b/a Full Volume Music; John T. Rzeznik, Robert C. Takac Jr. and George R. Tutuska Jr., a partnership d/b/a Scrap Metal Music |
| Line 5 | Date(s) of Registration | 9/15/95 |
| Line 6 | Registration No(s). | PA 745-918 |
| Line 7 | Date(s) of Infringement | 4/21/2018 |
| Line 8 | Place of Infringement | The Phil's Tavern |

| | | |
|---|---|---|
| Line 1 | Claim No. | 10 |
| Line 2 | Musical Composition | Wonderwall |
| Line 3 | Writer(s) | Noel Gallagher |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC |
| Line 5 | Date(s) of Registration | 11/20/95 |
| Line 6 | Registration No(s). | PA 782-736 |
| Line 7 | Date(s) of Infringement | 4/21/2018 |
| Line 8 | Place of Infringement | The Phil's Tavern |

| | | |
|---|---|---|
| Line 1 | Claim No. | 11 |
| Line 2 | Musical Composition | Champagne Supernova |
| Line 3 | Writer(s) | Noel Gallagher |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC |
| Line 5 | Date(s) of Registration | 11/20/95 |
| Line 6 | Registration No(s). | PA 782-745 |
| Line 7 | Date(s) of Infringement | 4/21/2018 |
| Line 8 | Place of Infringement | The Phil's Tavern |

| Line 1 | Claim No. | 12 | | | |
|---|---|---|---|---|---|
| Line 2 | Musical Composition | Proud Mary | | | |
| Line 3 | Writer(s) | John C. Fogerty | | | |
| Line 4 | Publisher Plaintiff(s) | Concord Music Group, Inc. d/b/a Jondora Music | | | |
| Line 5 | Date(s) of Registration | 12/27/68 | 7/11/69 | | |
| Line 6 | Registration No(s). | EU 91333 | Ep 260526 | | |
| Line 7 | Date(s) of Infringement | 4/21/2018 | | | |
| Line 8 | Place of Infringement | The Phil's Tavern | | | |

| Line 1 | Claim No. | 13 | | | |
|---|---|---|---|---|---|
| Line 2 | Musical Composition | Simple Man | | | |
| Line 3 | Writer(s) | Gary Rossington; Ronnie Van Zant | | | |
| Line 4 | Publisher Plaintiff(s) | Songs of Universal, Inc.; EMI Consortium Songs, Inc. d/b/a EMI Longitude Music | | | |
| Line 5 | Date(s) of Registration | 10/1/73 | 6/9/88 | | |
| Line 6 | Registration No(s). | Eu 448563 | PA 373-493 | | |
| Line 7 | Date(s) of Infringement | 4/21/2018 | | | |
| Line 8 | Place of Infringement | The Phil's Tavern | | | |

| Line 1 | Claim No. | 14 | | | |
|---|---|---|---|---|---|
| Line 2 | Musical Composition | Stand By Me | | | |
| Line 3 | Writer(s) | Ben E. King; Jerry Leiber p/k/a Elmo Glick; Mike Stoller p/k/a Elmo Glick | | | |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC | | | |
| Line 5 | Date(s) of Registration | 2/21/89 | 4/17/61 | 8/4/61 | 9/27/61 |
| Line 6 | Registration No(s). | RE 430-905 | Eu 667764 | Eu 683281 | Ep156127 |
| Line 7 | Date(s) of Infringement | 4/21/2018 | | | |
| Line 8 | Place of Infringement | The Phil's Tavern | | | |